UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN GUILLERMO SASSEN VAN ELSLOO,

    Petitioner,

v.

SHERIFF DONNELL TANKSLEY, *et al.*,

    Respondents.

CASE NO. 2:25-cv-00316-JNW-GJL

ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND

This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge Grady J. Leupold. Petitioner Adrian Guillermo Sassen Van Elsloo, proceeding *pro se*, filed a federal habeas Petition challenging his current confinement pursuant to an ongoing state court prosecution. Dkt. 1. The filing fee has been paid. *See docket.*

Having reviewed the Petition, the Court finds it deficient and declines to direct service upon Respondent in accordance with Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules").[1] Instead, Petitioner is **GRANTED** leave to file an amended petition curing the deficiencies identified herein not later than **April 21, 2025**.

---

[1] The Habeas Rules appliable to § 2241 petitions under Rule 1(b), which states "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

# I. BACKGROUND

Petitioner, a pretrial detainee currently confined at Whatcom County Jail ("WCJ"), initiated this action challenging aspects of his ongoing state court prosecution and the conditions of his pretrial confinement. Dkt. 1. Petitioner raises four Grounds for relief: (1) ineffective assistance of counsel, (2) excessive bail, (3) due process violations related to discovery procedures, and (4) various unconstitutional conditions of confinement. *Id.* at 4–7. Plaintiff seeks immediate release and court orders requiring a new bail determination, prohibiting his continued detention, and declaring his ongoing prosecution "void due to structural constitutional violations." *Id.* at 8–9.

# II. SCREENING STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

> (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

# III. DISCUSSION

Upon review, the instant Petition is deficient and must be cured before Petitioner may proceed in this action. As an initial matter, Petitioner does not use the standard form for filing §

2241 petitions, which has caused him to omit background information necessary to support his request for federal habeas relief. Beyond these presentational defects, the Petition also contains two substantive deficiencies.

**(1)** The Petition is deficient because it raises at least one Ground for relief that is not a true habeas claim, but is rather a challenge to the conditions of Petitioner's pretrial confinement. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). Thus, "when a state prisoner is challenging the *very fact* or *duration* of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500 (emphasis added).

In contrast, an action challenging the *conditions* of state confinement or seeking financial compensation for same is not a true habeas action. *Id.* at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement and he is seeking something other than immediate or more speedy release."). In those instances, a prisoner in state custody must instead file a civil rights action pursuant to 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994).

In Ground 4, Petitioner alleges he is receiving inadequate medical care, being provided nutritionally inadequate meals, and being denied meaningful access to legal resources at WCJ. *Id.* at 7. These allegations go to the conditions of his pretrial confinement, not the validity of the state court prosecution underlying that confinement. Although Petitioner seeks release from confinement as opposed to damages, his request for release does not convert his conditions of confinement claim to one sounding in habeas. Thus, Petitioner's conditions of confinement claim must be brought separately under 42 U.S.C. § 1983. Notably, Petitioner has already been advised

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 3

of the requirement to file habeas and conditions of confinement claims in separate actions in another case currently pending before this Court, which Petitioner filed pursuant to 42 U.S.C. § 1983. *See Sassen Van Elsloo v. Whatcom County, et. al,* Case No. 2:24-cv-02049-RSM-TLF, Dkt. 4 at 2–4 (W.D. Wash. show cause order issued Jan. 14, 2025). Petitioner must heed the Court's orders if he wishes to proceed in this or any other action.

**(2)** The Petition is also deficient because one or more Grounds for relief are barred by the abstention doctrine put forth in *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner was also advised of this deficiency in his pending § 1983 action. Specifically, the Court advised Plaintiff that his ineffective assistance of counsel claims (raised here in Ground 1) and due process claims (raised here in Ground 3) were barred by the *Younger* abstention doctrine regardless of whether they were raised in a § 1983 action or federal habeas petition. *Id.* at Dkt. 4 at 4–5.

The *Younger* abstention doctrine precludes federal courts from interfering with pending state judicial proceedings when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

The above factors are generally met where, as here, a criminal defendant federally challenges the effectiveness of defense counsel or sufficiency of discovery procedures in an ongoing state court prosecution. *See Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainees must raise ineffective assistance of counsel claims in his ongoing criminal proceeding, not a separate federal action); *Dubinka v. Judges of the Superior Court of State of Cal.*, 23 F.3d 218, 221–22 & n. 6 (9th Cir. 1994)

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 4

(applying *Younger* and abstaining from federal constitutional challenges that would interfere with ongoing state criminal action discovery disputes). As such, Petitioner should not include Grounds 1 and 3 in his amended petition unless he can show "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Accordingly, if Petitioner intends to proceed in this federal habeas action, he must file an amended habeas petition curing the deficiencies addressed above.

### IV.     CONCLUSION

For the above stated reasons, the Court **WILL NOT** direct service of the Petition and, instead, **GRANTS** Petitioner leave to **FILE an amended petition** not later than **April 21, 2025.** If Petitioner **DOES NOT** file an amended petition or **FAILS** to cure the deficiencies addressed above by that date, the undersigned may recommend **DISMISSAL** of this action.

The Clerk of Court is **DIRECTED** to send Petitioner a copy of the standard forms for filing petitions pursuant to 28 U.S.C. § 2241 along with this Order.

Dated this 21st day of March, 2025.

Grady J. Leupold
United States Magistrate Judge

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 5