UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN GUILLERMO SASSEN VAN ELSLOO,

              Petitioner,

    v.

SHERIFF DONNELL TANKSLEY, *et al.*,

              Respondents.

CASE NO. 2:25-cv-00316-JNW-GJL

REPORT AND RECOMMENDATION

Noting Date: **May 27, 2025**

This federal habeas action filed pursuant to 28 U.S.C. § 2241 has been referred to United States Magistrate Judge Grady J. Leupold. Petitioner Adrian Guillermo Sassen Van Elsloo, proceeding *pro se*, paid the filing fee and filed a habeas Petition challenging various aspects of his pretrial confinement pursuant to an ongoing state court prosecution. Dkt. 1. On March 21, 2025, the Court identified several deficiencies in the initial Petition that must be cured before Petitioner may proceed in this action and granted him leave to file an Amended Petition. The Court received Petitioner's Amended Petition on April 25, 2025. Dkt. 6.

Upon review, the Court finds the Amended Petition is again deficient in a manner not likely to be cured through amendment and **RECOMMENDS** this action be **DISMISSED without prejudice** under the *Younger* abstention doctrine.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner, a pretrial detainee currently confined at Whatcom County Jail ("WCJ"), initiated this action on February 18, 2025, challenging his ongoing state court prosecution and the conditions of his pretrial confinement pursuant to those proceedings. Dkt. 1. Petitioner raised several grounds for relief in his initial Petition including an ineffective assistance of counsel claim and a conditions of confinement claim. *Id.*

After performing a preliminary review in accordance with Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court advised Petitioner that his initial Petition was deficient because it raised at least one claim that was not a true habeas claim, but rather a challenge to the conditions of Petitioner's pretrial confinement that must be pursued under 42 U.S.C. § 1983. Dkt. 4 at 3–4.

In addition, more than one of Petitioner's claims—to include his ineffective assistance of counsel claim—was barred by the abstention doctrine put forth in *Younger v. Harris*, 401 U.S. 37 (1971), unless Petitioner demonstrated "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 4–5 (quoting *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

The Court also noted that, just one month before he initiated this action, Petitioner was advised of these same deficiencies in another action filed pursuant to 42 U.S.C. § 1983. *Id.* at 3–4; *see also Sassen Van Elsloo v. Whatcom County, et. al*, Case No. 2:24-cv-02049-RSM-TLF, Dkt. 4 (W.D. Wash. show cause order issued Jan. 14, 2025) (advising Petitioner that he may not bring habeas and conditions of confinement claims in the same action and, whether he proceeds

---

[1] The Habeas Rules apply to § 2241 petitions by way of Rule 1(b), which permits district courts to apply the "any or all" of the Rules to federal habeas petitions falling outside of § 2254.

REPORT AND RECOMMENDATION - 2

in habeas or under § 1983, his ineffective assistance of counsel claim is barred by the *Younger* abstention doctrine).

In light of these deficiencies, the Court declined to direct service of the initial Petition and, instead, granted Petitioner the opportunity to file an amended petition. Dkt. 4. However, because this Court previously provided Petitioner notice and instruction on how to cure the same deficiencies found in his initial Petition, Petitioner was advised that he "must heed the Court's orders if he wishes to proceed in this or any other action." *Id.*

Petitioner filed an Amended Petition reasserting his ineffective assistance of counsel claim as the sole Ground for relief. Dkt. 6. The Court now reviews the Amended Petition to determine whether directing service upon Respondents is appropriate.

## II. SCREENING STANDARD

Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review of a habeas petition. Rule 4 specifically directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)). Before dismissing a petition under Rule 4, however, district courts must provide habeas petitioners notice of the grounds for dismissal and an opportunity to be heard. *Race v. Salmonsen*, 131 F.4th 792, 794 (9th Cir. 2025) (reversing *sua sponte* dismissal under Rule 4 where petitioner received first notice of defects in order of dismissal).

Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state officer who has custody." Further, the petition must:

>(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

### III.   DISCUSSION

Upon review, the Court finds the Amended Petition is deficient because the sole Ground raised therein is barred from federal habeas corpus review under the *Younger* abstention doctrine.

Under *Younger*, federal courts must abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Where these factors are met, federal courts must abstain unless there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n*, 457 U.S. at 435.

Examination of the relevant factors demonstrates *Younger* abstention precludes federal adjudication of the Amended Petition at this time. First, Petitioner is a pretrial detainee with ongoing state-court proceedings. Second, Petitioner's ongoing state proceedings are a criminal prosecution, which implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43–44. Third, there are adequate opportunities for Petitioner to raise his ineffective assistance of counsel claim in state court either during his criminal

REPORT AND RECOMMENDATION - 4

proceedings or on direct appeal/collateral review of any resulting conviction. *C.f. Smith v. Cty. of Santa Clara*, 223 F. App'x 701, 702 (9th Cir. 2007) (holding that, under *Younger*, a pretrial detainee must raise ineffective assistance of counsel claims in his ongoing criminal proceedings, not in federal court). Fourth, a favorable disposition of the Amended Petition would have the "practical effect" of enjoining Petitioner's ongoing prosecution. *See Arevalo*, 882 F.3d at 765; *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (explaining that *Younger* abstention is appropriate "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.").

As each of the relevant factors are met, the Court next examines whether Petitioner has shown bad faith, harassment, or other extraordinary circumstances such that federal abstention is inappropriate. In support of his ineffective assistance of counsel claim, Petitioner alleges he is being denied "conflict free representation" and explains that he was originally represented by the Whatcom County Public Defender's Office, but due to unexplained conflicts of interest with that office, he was "forced to choose between speed trial [sic] and conflict free effective representation." *Id.* at 4. Presumably choosing the former, Petitioner states that he is now proceeding *pro se* in his ongoing prosecution. *Id.* at 3.

This Court and other district courts have found that claims similar to those alleged here require abstention under *Younger*. *See Belmonte v. King Cnty.,* No. 2:24-CV-00518-JNW-DWC, 2024 WL 5508501, at *3–5 (W.D. Wash. Sept. 19, 2024), *report and recommendation adopted*, 2025 WL 1043633 (W.D. Wash. Apr. 8, 2025) (finding pretrial detainee's speedy trial, ineffective assistance of counsel, and denial of "effective self-representation" claims were barred by *Younger*); *Rayner v. City of Louisville Metro*, No. CIV A 3:09-CV-P488-M, 2009 WL 2382434 (W.D. Ky. July 30, 2009) (applying *Younger* abstention to similar claim filed by

REPORT AND RECOMMENDATION - 5

criminal defendant alleging he was "forced" to undertake self-representation in ongoing prosecution due to overworked and ineffective public defenders) (citing *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003)); *Rodriguez v. Chatman*, No. 5:15-cv-2 CAR, 2015 WL 4162991 (M.D. Ga. July 9, 2015) (construing similar claim as alleging violations of the right to access courts and the right to fair trial and concluding it was barred by *Younger* abstention).

Moreover, to the extent Petitioner alleges harm stemming from his *pro se* status in his state-court proceedings, such harm does not constitute an extraordinary circumstance that would make abstention inappropriate. Rather, the Ninth Circuit has repeatedly affirmed that criminal defendants proceeding without counsel may not complain of ineffective representation under the Sixth Amendment. *See United States v. Trapnell,* 512 F.2d 10, 12 (9th Cir. 1975) ("A defendant representing himself cannot be heard to complain that his Sixth Amendment rights have been violated."); *see also Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983) (noting that a criminal defendant takes a "substantial risk…when he elects to waive his right to counsel"); *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989) ("[A] defendant normally gives up more than he gains when he elects self-representation."); *United States v. Johnson*, 610 F.3d 1138, 1144 (9th Cir. 2010) ("If a defendant persists in his choice to represent himself, that choice must be honored even if it is to his own detriment.").

Finally, Petitioner alleges that his state-court proceedings have been "riddled with instances of bad faith and harassment." *Id.* at 4. But, instead of providing further facts and details in support of these conclusory allegations, Petitioner requests that the Court obtain transcripts and other records of his state-court proceedings to uncover alleged instances of misconduct. *Id.* at 3–4. However, it is *Petitioner*'s burden to allege sufficient facts demonstrating he is entitled to federal habeas relief. *See generally Mayle v. Felix*, 545 U.S. 644 (2005) (addressing pleading

requirements under Rule 2 of Habeas Rules). It is not incumbent upon this Court to closely examine transcripts in search of constitutional violations on Petitioner's behalf, nor would it be appropriate for the Court to do so. *See Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990) ("We join the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief."); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (the "rule of liberal construction" applied to *pro se* litigants "stops, however, at the point at which [the Court] begin[s] to serve as his advocate").

In sum, Petitioner's conclusory allegations of bad faith and harassment, his requests that the Court assume an investigative role to identify legal defects in his ongoing state proceedings, and his complaints of harm stemming from his decision to proceed without the assistance of counsel do not demonstrate circumstances warranting federal intervention in his ongoing state-court prosecution. Therefore, the sole Ground for habeas relief raised in his Amended Petition is barred from this Court's review under the *Younger* abstention doctrine.

Because Petitioner has twice been advised of this deficiency and failed to cure, the undersigned finds it unlikely Petitioner will be able to file a viable habeas petition if given a second opportunity to amend. *See* Dkt. 4; *Sassen Van Elsloo*, Case No. 2:24-cv-02049-RSM-TLF at Dkt. 4. This Court therefore recommends this action be **DISMISSED** without granting Petitioner leave to file a second amended petition.

## IV.   CONCLUSION

For the reasons set forth above, the undersigned recommends the Amended Petition (Dkt. 6) be **DENIED** and this action be **DISMISSED without prejudice** in accordance with the *Younger* abstention doctrine.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 27, 2025**, as noted in the caption.

Dated this 12th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8